UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ERIC SCOTT MOORE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO. 3:06-CV-356 RM |
| v. | ) | |
| | ) | |
| DR. DOUGLAS DAVID, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Eric Scott Moore, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such

relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion

of a complaint, for failure to state a claim upon which relief can be granted. Courts apply

the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss

v. Cooley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff
> can prove no set of facts in support of his claim which would entitle him to
> relief. Allegations of a pro se complaint are held to less stringent standards
> than formal pleadings drafted by lawyers. Accordingly, pro se complaints
> are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme
> Court requires only two elements: First, the plaintiff must allege that some
> person has deprived him of a federal right. Second, he must allege that the
> person who has deprived him of the right acted under color of state law.
> These elements may be put forth in a short and plain statement of the claim

showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Moore alleges that he was denied medical treatment while a pre-trial detainee. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent

harm." <u>Duane v. Lane</u>, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's

safety is the "functional equivalent of wanting harm to come to the prisoner." <u>McGill v.

Duckworth</u>, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an
> intentional or criminally reckless manner, *i.e.*, the defendant must have
> known that the plaintiff was at serious risk of being harmed and decided not
> to do anything to prevent that harm from occurring even though he could
> have easily done so.

<u>Board v. Farnham</u>, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation

omitted).

> Negligence on the part of an official does not violate the Constitution, and it
> is not enough that he or she should have known of a risk. Instead, deliberate
> indifference requires evidence that an official actually knew of a substantial
> risk of serious harm and consciously disregarded it nonetheless.

<u>Pierson v. Hartley</u>, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to

show that a defendant merely failed to act reasonably. <u>Gibbs v. Franklin</u>, 49 F.3d 1206, 1208

(7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of

deliberate indifference. <u>Walker v. Peters</u>, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth

Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the

best care possible." <u>Forbes v. Edgar</u>, 112 F.3d 262, 267 (7th Cir.1997).

Mr. Moore alleges that he saw Dr. David on repeated occasions. He alleges that he

did not give him all of the medications that he wanted nor as much pain medication as he

requested. He also alleges that Dr. David did not properly diagnose his injury nor have his

prior medical records faxed from his specialist.

"At best, he alleges a disagreement with medical professionals about his needs. This does not state a cognizable Eighth Amendment claim . . .." <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 331 (7th Cir. 2003). Mr. Moore wanted more medication, but a prisoner may not demand specific care. Medication, especially pain medication, is subject to abuse in a prison setting and jail officials, both medical and non-medical, are reasonably concerned about their misuse. Perhaps Dr. Henderson's prescription decisions were unreasonable, perhaps they were negligent, perhaps they were even medical malpractice, but the facts alleged in this complaint do not support an allegation of deliberate indifference. The Eighth Amendment does not require medical success, it merely prohibits wanting harm to come to an inmate.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: June  9 , 2006

                                    /s/ Robert L. Miller, Jr.
                                    Chief Judge
                                    United States District Court